

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0451-24

### LARRY DEWITT JACKSON, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS WASHINGTON COUNTY

FINLEY, J., filed a dissenting opinion in which RICHARDSON, YEARY, and PARKER, JJ., joined.

### DISSENTING OPINION

This is not a traditional *Strickland* case.[1] This is a *Cronic* case.[2] And that carries

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

[2] *United States v. Cronic*, 466 U.S. 648 (1984).

an important distinction. To prevail on a *Strickland* claim, a claimant must prove that (1) his counsel's representation fell below the objective standard of reasonableness, and (2) a reasonable probability that but for his counsel's alleged deficiency the result of the proceeding would have been different. 466 U.S. at 687–88, 694.

But *Cronic* is different. Under a *Cronic* claim, if a claimant demonstrates that his counsel "'entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing,' so that there was a constructive denial of the assistance of counsel altogether, then prejudice, because it is 'so likely,' is legally presumed." *Cannon v. State*, 252 S.W.3d 342, 349 (Tex. Crim. App. 2008) (quoting *Cronic*, 466 U.S. at 658–59). As the Supreme Court of the United States explained:

> [T]he adversarial process protected by the Sixth Amendment requires that the accused have 'counsel acting in the role of advocate.' The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted—even if defense counsel may have made demonstrable errors—the kind of testing envisioned by the Sixth Amendment has occurred. But if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated.

*Cronic*, 466 U.S. at 656–57 (citation omitted).

*Cannon* is such a case. In *Cannon*, after the trial court denied Cannon's pretrial motions to obtain an expert and to recuse the judge, defense counsel stated that he was "not ready for this trial," that he would "be unable to effectively represent [his]

client," and could "not participate" in the trial. 252 S.W.3d at 344. Defense counsel persisted in saying that he was not ready for trial, was unable to represent his client, and unable to proceed, declining to participate in jury selection, to enter a plea on Cannon's behalf, to make an opening statement, to cross-examine witnesses or make objections, or put on any defensive evidence. *Id.* at 344–45. After the State closed, defense counsel presented another motion for continuance seeking an expert and made a motion for instructed verdict. The court denied the motions and offered the defense an opportunity to reopen and present evidence. Defense counsel declined, again stating he was not adequately prepared and was not ready. He declined to make a closing argument at guilt or offer evidence at punishment. After the sentence was announced, defense counsel did bring to the court's attention an inconsistency between the court's oral pronouncements regarding the sentence which the court then corrected and clarified. On appeal, Cannon claimed he was denied effective assistance by his counsel's refusal to participate. The State argued in part that "because the appellate record contain[ed] no evidence of trial counsel's reasons for his actions, [Cannon was] unable to rebut the strong presumption of [trial counsel's] competence." The court of appeals concluded that Cannon had not shown prejudice, and that counsel's actions could have been the product of reasonable tactical judgment. *Id.* at 347.

On discretionary review, this Court concluded that "[t]his is one of those rare [*Cronic*] cases." *Id.* at 350. Because defense counsel "although physically present in the courtroom at all the requisite times, effectively boycotted" the proceedings and "entirely failed to subject the prosecution's case to meaningful adversarial testing," he "abandoned his role as advocate" and "caused the trial to lose its character as a confrontation between adversaries." *Id.* This was the case despite the fact that he had moved for an instructed verdict and brought a sentencing mistake to the court's attention. Prejudice to the defense was legally presumed in these circumstances. *Id.* Further, this Court said this about speculating about counsel's motive:

> Defense counsel, throughout appellant's trial, repeatedly stated the reason for his behavior: he was simply unprepared to go forward. We take counsel at his word and will not speculate that he may have had some other motive for his behavior.

*Id.* Responding to the State's concern that such a holding would encourage other defense counsel to engage in similar conduct, the Court noted that failing in competent and diligent professional obligations exposes counsel to disciplinary proceedings and civil malpractice. *Id.* at 352.

This case is nearly identical, other than that the abandonment occurred only at the punishment stage of trial. Just before the start of the punishment phase of Appellant's trial, Appellant's trial counsel stated for the record:

> The Defense is not ready to proceed with this hearing at this time. On March 16, we filed a Motion for Funds in Aid of Defense which was denied. The purpose of that motion was to enable me to employ and consult with a mitigation specialist, and so at this time I would reurge that motion for the reasons stated therein, request a continuance, and allow me to employ and consult with a mitigation specialist.[3]

The reurged motion and oral motion for a continuance were denied. Appellant's trial counsel received a running objection.

The punishment phase of Appellant's trial then commenced. Appellant's trial counsel declined to invoke the Rule. When asked whether Appellant had an opening statement, Appellant's trial counsel stated:

> Judge, for the objections and reasons earlier stated, I can't take part, so I have no opening for the Court.

The only thing that Appellant's trial counsel did for the remainder of the punishment phase of Appellant's trial was to say "no objection" to the State's punishment evidence. Appellant's trial counsel altogether failed to make new objections or to object to the State's reoffer of its guilt/innocence stage evidence.[4] After the State's sole punishment phase witness testified, Appellant's trial counsel stated, "For the reasons and objections earlier stated, I can't take part in this hearing." The State

---

[3] March 16 was approximately two months before the punishment phase of trial commenced.

[4] This is significant because the failure to make such objections when the evidence was reoffered waived all objections that were made when the evidence was first offered. *See* TEX. R. APP. P. 33.1(a).

rested, and the trial court correctly "guess[ed] for reasons already stated, [counsel was] not participating[.]" Unsurprisingly, Appellant's trial counsel declined to make a closing argument.

Appellant's trial counsel "entirely failed to subject the prosecution's case to meaningful adversarial testing," "abandoned his role as advocate" and "caused the trial to lose its character as a confrontation between adversaries." *Id.* at 350. Put another way, it is hard to imagine what *less* counsel could have done during the punishment phase of Appellant's trial.

I would conclude that trial counsel's performance was deficient under *Cannon* and *Cronic*. As such, prejudice is "presumed." *Cannon*, 252 S.W.3d at 349 (quoting *Cronic*, 466 U.S. at 659). I would reverse the judgment of the court of appeals and remand this case for a new punishment trial. I respectfully dissent from the Court's decision to improvidently grant this meritorious petition for discretionary review.

**Filed: December 19, 2025**
**Publish**